## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### Court File No.:  25-cv-1007

| | |
|---|---|
| William Wirta and Tyneisha Pemble, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br>v.<br><br>Midwest Resale Specialist Inc.,<br><br>           Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1.    This action arises out of Defendant Midwest Resale Specialist Inc. ("Defendant Midwest Resale") violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### JURISDICTION

2.    Jurisdiction of this Court arises under 28 U.S.C.  § 1331 and pursuant to 15 U.S.C. § 1681, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3.    Venue is proper in this District because the acts and transactions occurred in this District, Plaintiffs reside in this District, and Defendant transacts business in this District.

1

**PARTIES**

4.    Plaintiff William Wirta (hereinafter "Plaintiff Wirta"), is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of St. Louis Park, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Plaintiff Tyneisha Pemble (hereinafter "Plaintiff Pemble") (collectively with Plaintiff Wirta as "Plaintiffs"), is a natural person obligated or allegedly obligated to pay a debt, who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant Midwest Resale is a collection agency whose principal purpose is to purchase defaulted debts and seek to collect them.  Defendant Midwest Resale has its headquarters located at 412 South 4th Street, Suite 1150-E, Minneapolis, MN 55415-5541. Defendant Midwest Resale has a registered address for service of 272-D Grain Exchange Building, 412 South 4th Street, Suite 1150-E, Minneapolis, MN 55415. Defendant Midwest Resale regularly attempts to collect consumer debts alleged to be due to another and/or who uses any instrumentality of interstate commerce or the mail in any business, the principal purpose of which is the collection of any debts.  Defendant Midwest Resale is a "person" as defined in 15 U.S.C. § 1681a(b), and is a "furnisher" of consumer information pursuant to 15 U.S.C. § 1681s-2(b).

2

## FACTUAL SUMMARY

### Facts Specific to Plaintiff Wirta

7. Sometime prior to November 27, 2018, Plaintiff Wirta incurred a debt with Midwest Bonding LLC ("Midwest Bonding"), specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5).

8. Then on or about November 27, 2018, Defendant Midwest Bonding received a judgment against Plaintiff Wirta for $1,375.00.

9. Upon information and belief, Defendant Midwest Resale attempted to solicit business from Midwest Bonding by compiling a list of all outstanding judgments owed to Midwest Bonding (including the judgment against Plaintiff Wirta) and offered to collect the judgements on Midwest Bonding's behalf.

10. Midwest Bonding never agreed to Defendant Midwest Resale's proposal and did not authorize Defendant Midwest Resale to collect any of the account/judgments (including the judgment against Plaintiff Wirta) on its behalf.

11. Despite the lack of authority from Midwest Bonding, Defendant Midwest Resale began its collection efforts against Plaintiff Wirta.

12. As part of its unauthorized collection efforts, on October 14, 2023, Defendant Midwest Resale obtained and used Plaintiff Wirta's Experian Information Solutions Inc. (hereinafter "Experian") credit report.

13. Because Midwest Bonding did not grant Defendant Midwest Resale authority to collect the judgement Midwest Bonding received against Plaintiff Wirta, Plaintiff

Wirta did not have an existing credit relationship or account with Defendant Midwest Resale.

14. Defendant Midwest Resale's illegal obtaining and using of Plaintiff Wirta's Experian credit report resulted in a hard inquiry on Plaintiff's credit report, in violation of 15 U.S.C. § 1681b.

15. Defendant Midwest Resale did not have any permissible purpose in accessing Plaintiff Wirta's consumer credit report as maintained by Experian and was specifically prohibited from pulling Plaintiff Wirta's credit report due to no relationship between the parties.

16. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as there is no "credit transaction" or credit application" initiated by Plaintiff Wirta, and no "business transaction" was initiated by Plaintiff Wirta.

17. Defendant Midwest Resale is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

18. Defendant Midwest Resale unlawfully retrieved a copy of Plaintiff Wirta's consumer report as maintained by Experian.

19. Defendant Midwest Resale misrepresented to Experian that it had a permissible purpose to obtain and use Plaintiff Wirta's consumer report and, therefore, did, in fact, obtain it through false certification, false pretext, and false premise.

20. The referenced inquiry has become a permanent component of Plaintiff Wirta's consumer report and is reported to those who ask to review Plaintiff Wirta's credit history.

21. Defendant Midwest Resale is and was required by 15 U.S.C. §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports from credit reporting agencies under false pretenses, or without a legal basis.

22. Defendant Midwest Resale has never been ordered by a court of competent jurisdiction to obtain a copy of Plaintiff Wirta's consumer credit report pursuant to 15 U.S.C. § 1681b(1).

23. As a result of Defendant Midwest Resale's illegal obtaining and using of Plaintiff Wirta's Experian credit report, Plaintiff Wirta's privacy has been invaded.

24. Defendant Midwest Resale's actions against Plaintiff Wirta described herein were done knowingly, consciously, deliberately, and willfully.

25. Plaintiff Wirta has suffered emotional distress, fear, stress, anxiety, and loss of sleep because of Defendant Midwest Resale's illegal conduct.

**Facts Specific to Plaintiff Pemble**

*Illegal obtaining and using*

26. Sometime in or about 2017, Plaintiff Pemble incurred a debt with Midwest Bonding LLC ("Midwest Bonding"), specifically incurring charges for a "consumer debt", as that term is defined at 15 U.S.C. § 1692a(5).

27. On March 31, 2022, Defendant Midwest Bonding received a judgment against Plaintiff Pemble for $2,857.

5

28. Upon information and belief, Defendant Midwest Resale attempted to solicit business from Midwest Bonding by compiling a list of all outstanding judgments owed to Midwest Bonding (including the judgment against Plaintiff Pemble) and offered to collect the judgements on Midwest Bonding's behalf.

29. Upon information and belief, Midwest Bonding never agreed to Defendant Midwest Resale's proposal and did not authorize Defendant Midwest Resale to collect any of the account/judgments (including the judgment against Plaintiff Pemble) on its behalf.

30. Despite the lack of authority from Midwest Bonding, Defendant Midwest Resale began its collection efforts against Plaintiff Pemble.

31. As part of its unauthorized collection efforts, on October 15, 2023, Defendant Midwest Resale obtained and used Plaintiff Pemble's Experian credit report.

32. Because Midwest Bonding did not grant Defendant Midwest Resale authority to collect the judgement Midwest Bonding received against Plaintiff Pemble, Plaintiff Pemble did not have an existing credit relationship or account with Defendant Midwest Resale.

33. Defendant Midwest Resale's illegal obtaining and using of Plaintiff Pemble's Experian credit report resulted in a hard inquiry on Plaintiff's credit report, in violation of 15 U.S.C. § 1681b.

34. Defendant Midwest Resale did not have any permissible purpose in accessing Plaintiff Pemble's consumer credit report as maintained by Experian and was

specifically prohibited from pulling Plaintiff Pemble's credit report due to no relationship between the parties.

35. None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as there is no "credit transaction" or credit application" initiated by Plaintiff Pemble, and no "business transaction" was initiated by Plaintiff Pemble.

36. Defendant Midwest Resale is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists. 15 U.S.C. § 1681b(f).

37. Defendant Midwest Resale unlawfully retrieved a copy of Plaintiff Pemble's consumer report as maintained by Experian.

38. Defendant Midwest Resale misrepresented to Experian that it had a permissible purpose to obtain and use Plaintiff Pemble consumer report to receive it and, therefore, did, in fact, obtain it through false certification, false pretext, and false premise.

39. The referenced inquiry has become a permanent component of Plaintiff Pemble's consumer report and is reported to those who ask to review Plaintiff Pemble's credit history.

40. Defendant Midwest Resale is and was required by 15 U.S.C. §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports from credit reporting agencies under false pretenses, or without a legal basis.

41. Defendant Midwest Resale has never been ordered by a court of competent jurisdiction to obtain a copy of Plaintiff Pemble's consumer credit report pursuant to 15 U.S.C. § 1681b(1).

42. As a result of Defendant Midwest Resale illegally obtaining and using Plaintiff Pemble's Experian credit report, Plaintiff Pemble's privacy has been invaded.

43. Defendant Midwest Resale's actions against Plaintiff Pemble described herein were done knowingly, consciously, deliberately, and willfully.

44. Plaintiff Pemble has suffered emotional distress, fear, stress, anxiety, and loss of sleep because of Defendant Midwest Resale's illegal pull of Plaintiff Pemble's Experian credit report.

*Reporting the account*

45. To make matters worse, on or about October 13, 2023, Defendant Midwest Resale began reporting the unauthorized collection account to TransUnion LLC (hereinafter "TransUnion") in violation of 15 U.S.C 1692f.

46. As a result, the unauthorized collection account began appearing on Plaintiff Pemble's TransUnion credit report as a derogatory collection account with a balance of $2,857.

47. By reporting a derogatory account, it was not authorized to collect upon TransUnion; Defendant used false, deceptive, and misleading means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

48. By reporting a derogatory account, it was not authorized to collect upon to TransUnion, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in violation of 15 U.S.C. § 1692d.

49. Moreover, by reporting the collection account as belonging to Plaintiff Pemble when Defendant knew it did not, Defendant published false statements to TransUnion that damaged Plaintiff's creditworthiness, credit score, or overall credit profile.

## CLASS ALLEGATIONS

50. Plaintiffs bring this action individually and as a class action.

51. Pursuant to Federal Rule of Civil Procedure 23(a-b), Plaintiffs seeks to certify the following classes:

*FCRA Class (represented by both Plaintiffs)*
- *All persons whose consumer reports were obtained and/or used by Defendant Midwest Resale from January 1, 2023, through to the present, in connection with the unauthorized collection of debts owed to Midwest Bonding.*

*FDCPA Class (represented by Plaintiff Pemble)*
- *All persons whom Defendant Midwest Resale performed, conducted, or otherwise attempted to collect a debt owed to Midwest Bonding that it did not have authority to authorization to collect from 1 year to the filing of this complaint.*

52. The classes consist of persons who, at some point, had an account with Midwest Bonding that Defendant Midwest Resale never received authorization to collect upon and, therefore, did not have a credit relationship with Defendant Midwest Resale at the time of the illegal obtaining and use of their consumer reports,

9

collection efforts, invasion of privacy, and untruthful reporting to the national credit reporting agencies.

53. The classes are so numerous that joinder of all members is impractical.

54. Upon information and belief, Defendant Midwest Resale has unlawfully accessed the credit files of more than 30 consumers.

55. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendant Midwest Resale's conduct concerning unlawfully accessing consumers' credit files in the manner alleged (or described) violates the FCRA, FDCPA, and common law invasion of privacy and credit defamation.

56. Other than class member identification, there are no individual questions that can be determined by ministerial inspection of Defendant Midwest Resale.

57. The Plaintiffs will fairly and adequately protect the interests of the class and are committed to vigorously litigating this matter.

58. Plaintiffs have retained counsel experienced in handling class actions of this type and consumer claims. Neither the Plaintiffs nor their counsel has any interest that might cause them not to pursue this claim vigorously.

59. Plaintiffs' claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

60. A class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**TRIAL BY JURY**

61. Plaintiffs are entitled to, and hereby demand, a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT –
15 U.S.C. § 1681b**

62. Plaintiffs incorporate by reference all preceding paragraphs as though fully stated herein.

63. Defendant Midwest Resale lacked a permissible purpose in accessing Plaintiffs' consumer report in violation of 15 U.S.C. § 1681b(f).

64. As a result of Defendant Midwest Resale's violation of 15 U.S.C § 1681b(f), Plaintiffs and the class have suffered out-of-pocket expenses and emotional distress in an amount to be determined at trial.

65. Defendant Midwest Resale's conduct, actions, and inactions were willful, rendering it liable for statutory damages of $1,000 and punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

66. As a direct and proximate result of Defendant Midwest Resale's conduct as outlined above, Plaintiffs and the class are entitled to an award of statutory damages, punitive damages as the Court may allow, and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. § 1681n.

## COUNT II.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1692 *et seq.*

67. Plaintiff Pemble incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. Defendant Midwest Resale knew it did not have the authority to collect the accounts owed to Midwest Bonding.

69. Without authority to collect accounts on behalf of Midwest Bonding, Defendant knew it was not allowed to make any efforts which could be deemed as an attempt to collect up on the debts owed to Midwest Bonding.

70. Defendant Midwest Resale's intentional reporting of the derogatory collection as belonging to Plaintiff Pemble to TransUnion was a false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e.

71. As a result of Defendant Midwest Resale's violation of 15 U.S.C. § 1692e, Plaintiff Pemble and the class have suffered diminishment in credit worthiness, credit denials, credit opportunities, reduce credit limits, and emotional distress in an amount to be determined at trial.

72. Moreover, by reporting a derogatory account it was not authorized to collect upon to TransUnion, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff Pemble in violation of 15 U.S.C. § 1692d.

73. As a result of Defendant Midwest Resale's violation of 15 U.S.C. § 1692e, Plaintiff Pemble and the class have suffered diminishment in credit worthiness, credit denials, credit opportunities, reduced credit limits, and emotional distress in an amount to be determined at trial.

## COUNT III.

### INVASION OF PRIVACY - INTRUSION UPON SECLUSION

74. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. Defendant Midwest Resale intentionally intruded upon Plaintiffs' solitude, seclusion, and private concerns and affairs when, despite knowing that it did not have a permissible purpose to do so, Defendant Midwest Resale continued to harass Plaintiffs specifically by illegally pulling Plaintiffs' credit report.

76. Defendant Midwest Resale's intrusion was substantial, highly offensive to the Plaintiffs, and would be highly offensive and objectionable to any reasonable person in the Plaintiffs' position.

77. Plaintiffs had a legitimate expectation of privacy in his solitude, seclusion, and private concerns and affairs.

78. As a result of Defendant Midwest Resale's intrusion, Plaintiffs have suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress and is entitled to an award of actual damages in an amount to be determined at trial.

## COUNT IV.

## CREDIT DEFAMATION

79.  Plaintiff Pemble incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

80.  Defendant Midwest Resale knew that it did not have the authority to collect any accounts owed to Midwest Bonding.

81.  Despite this knowledge, Defendant located judgments owing to Midwest Bonding and attempted to collect them without authority.

82.  As part of its collection campaign, Defendant reported to Trans Union that the collection account belonged to Plaintiff Pemble, which it did not.

83.  As such, Defendant purposefully published false statements to TransUnion that damaged Plaintiff's creditworthiness, credit score, or overall credit profile.

84.  As a result of Defendant Midwest Resale's defamatory statements, Plaintiff Pemble has suffered actual damages in the form of sleeplessness, mental anguish, and emotional distress and is entitled to an award of actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant Midwest Resale as follows:

- Certifying the action as a class against Defendant Midwest Resale
- Name Plaintiffs as class representative;
- Name Plaintiff's counsel as class counsel;

- Awarding appropriate statutory and punitive damages for Defendant Midwest Resale violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*;
- Awarding costs and reasonable attorney's fees pre and post-judgment pursuant 15 U.S.C. §1681 *et seq.* against Defendant Midwest Resale;
- Awarding appropriate statutory damages for Defendant Midwest Resale pursuant to 15 U.S.C. § 1692k;
- Awarding costs and reasonable attorney's fees pre and post-judgment pursuant 15 U.S.C. §1692k against Defendant Midwest Resale;
- Awarding actual damages for Defendant Midwest Resale's illegal intrusion upon Plaintiff's seclusion;
- Awarding actual damages for Defendant Midwest Resale's defamatory statements about Plaintiff Pemble's credit; and
- For such other and further relief as may be just and proper.

Dated: March 18, 2025.

Respectfully submitted,

By:  *s/ Thomas J Lyons Jr*
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #:  0403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE CLASS*

15